UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY BERNARD, SR., ET AL. | CIVIL ACTION NO. 6:13-cv-02339 |
| VERSUS | JUDGE DOHERTY |
| LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATIONS

Currently pending is a motion filed by defendant J. Alfred Mouton Realty ("Mouton"), which seeks dismissal of the plaintiff's claims against it under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Rec. Doc. 6). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 9). The motion is opposed. Having considered the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the undersigned recommends that the motion be GRANTED in part and DENIED in part.

### BACKGROUND

The plaintiffs are not represented by legal counsel. In their complaint, they sued the City of Lafayette, Louisiana; the city's utilities system; the city's public

works department; and J. Alfred Mouton Realty. They allege that, on July 23, 2012, they were given an evidence package by counsel for the City of Lafayette, Louisiana, showing that the city's utilities department had knowledge of an illegal taking, use, and expropriation of their land. They allege that they requested information from the defendant realty company, which allegedly was involved in the transaction by which they purchased the property forty-three years ago, but the realtor refused to meet with them. They further allege that the realty company failed to disclose information concerning "deficiencies pertaining to the land." They do not specify when this failure occurred. They further allege that they had no knowledge of any systems being operated or connected to their land. They allege that, in December 2012, they requested information from the city, but the city's utilities department "did not disclose information of any systems being operated on our land." They allege that the defendants' actions "were false, misleading allegations by concealment of what should have been disclosed." Although it is not explicit on the face of the complaint, it seems that the plaintiffs may be asserting claims for fraud and/or for invalid expropriation of their property. They "are seeking compensation for damages which decreased [the] property's value caused by major erosion, loss of marketability of commercial uses or future uses of the land" as well as for "loss of [the] property's infrastructure."

## ANALYSIS

Mouton's alternative motions will be considered in turn. "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter. . . ."[1] Consistently, therefore, when a district court is faced with motions premised on both Rule 12(b)(1) and Rule 12(b)(6), as in this case, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[2] Sometimes, this "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[3] Other times, it pretermits the unnecessary consideration of issues unrelated to jurisdiction since, absent subject matter jurisdiction, a federal district court can take no action whatsoever. "Without jurisdiction the court cannot proceed at all in any cause."[4] The jurisdictional motion will, therefore, be considered first.

---

[1] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3] *Ramming v. United States*, 281 F.3d at 161.

[4] *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). See, also, e.g., *Williams v. Liberty Mutual Ins. Co.*, No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

## I. RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Mouton first claims that this Court lacks subject-matter jurisdiction over this action.

### A. THE STANDARD FOR ANALYZING THIS MOTION

Fed. R. Civ. P. 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."[5] The party asserting federal-court jurisdiction bears the burden of demonstrating that subject-matter jurisdiction exists.[6]

There are two types of Rule 12(b)(1) challenges to subject-matter jurisdiction: facial attacks and factual attacks.[7] A "facial attack" challenges whether the plaintiff's complaint sufficiently alleges a basis for subject-matter jurisdiction; therefore, when such a challenge is raised, the court considers only the allegations in the complaint, which are taken as true for purposes of evaluating the motion.[8] A "factual attack"

---

[5] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (internal quotation marks omitted).

[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[7] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[8] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

challenges the factual existence of subject-matter jurisdiction in fact; therefore, matters outside the pleadings, such as testimony and affidavits, may be considered.[9]

Here, Mouton makes a facial challenge to the plaintiffs' complaint, arguing that the complaint "fails to set forth any federal statutory or constitutional basis for the plaintiffs' claims against J. Alfred Mouton Realty."[10]

### B.    THE COMPLAINT FAILS TO STATE A VALID JURISDICTIONAL BASIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[11] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[12] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[13] The party seeking to invoke federal-court jurisdiction has the burden of proof of demonstrating, at the outset of

---

[9]    *Menchaca v. Chrysler Credit Corp.*, 613 F.2d at 511.

[10]   Rec. Doc. 6-1 at 2.

[11]   *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[12]   28 U.S.C. § 1331.

[13]   28 U.S.C. § 1332.

the litigation, that the federal court has authority to hear the case.[14] Because the plaintiffs filed their lawsuit in this forum, they must bear that burden.

The plaintiffs did not allege, in their complaint, any basis for federal-court jurisdiction. They did not allege that the parties to the suit are diverse in citizenship, they did not allege that the amount in controversy exceeds the statutory threshold, and they did not allege that their claims are based on a federal question. The only statute cited in the complaint if the Louisiana Civil Code article pertaining to fraud, although there is a vague reference to the United States Constitution.

On the civil cover sheet filed along with their complaint (Rec. Doc. 1-1), the plaintiffs indicated that the basis of jurisdiction is federal question. But they failed to identify a federal statute under which their claim allegedly arises, citing instead "LA Art. 1953 fraud" as the "U.S. Civil Statute under which you are filing." Louisiana Civil Code Article 1953 is the Louisiana state statute that defines fraud. It is not a federal statute; consequently, a claim asserted under that statute does not provide a basis for federal-court jurisdiction.

---

[14] *St. Paul Reinsurance v. Greenburg*, 134 F.3d at 1253.

In their opposition the plaintiffs cite federal criminal statutes which have no applicability to this civil cause of action and do not provide a basis for jurisdiction.[15]

The undersigned is aware that the plaintiffs are proceeding *pro se*. Allegations from a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by lawyers, and a district court should treat a *pro se* plaintiff with appropriate leniency.[16] In accordance with Fifth Circuit precedent, "[w]e give *pro se* briefs a liberal construction."[17] However, even from a *pro se* plaintiff, "mere conclusory allegations on a critical issue are insufficient. . . ."[18] Fed. R. Civ. P. 8 requires a complaint to contain, among other things, a short and plain statement of the grounds for the court's jurisdiction. Here, the plaintiffs provided no such statement; consequently, they failed to comply with Rule 8.

It is apparent from the face of the complaint that the plaintiffs have not satisfied their burden of establishing that this Court has subject-matter jurisdiction over this

---

[15] Plaintiffs cite 18 U.S.C. § 1031 and 1349 (erroneously cited as 8 U.S.C.§ 1349).

[16] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Husley v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

[17] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). See, also, ; *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008).

[18] *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989). See, also, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

action. Accordingly, the undersigned recommends that Mouton's motion to dismiss for lack of subject-matter jurisdiction should be granted, and this action should be dismissed without prejudice.

## II. RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In its alternative motion, Mouton claims that the plaintiffs have not stated a valid claim. Although it would be appropriate to pretermit discussion of this motion since the undersigned has found subject-matter jurisdiction lacking, this motion will be analyzed out of an abundance of caution in the event the district court disagrees with the undersigned's jurisdictional finding.

### A. THE STANDARD FOR ANALYZING THIS MOTION

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[19] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[20] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[21] However, conclusory allegations and unwarranted deductions of

---

[19] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[20] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[21] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464,

fact are not accepted as true,[22] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[23]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[24] The allegations must be sufficient "to raise a right to relief above the speculative level,"[25] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[26] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[27] If the plaintiff fails to

---

467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[22] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[24] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[25] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[26] *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[27] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). See also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[28]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[30] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[31]

### B. THE COMPLAINT DOES NOT FAIL TO STATE A CLAIM THAT IS TIMELY

In support of its motion to dismiss for failure to state a claim, Mouton argues that the plaintiffs' claim against Mouton has prescribed. A Rule 12(b)(6) motion to dismiss may be granted on the basis of prescription if the untimeliness appears from

---

[28] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[29] *Ashcroft v. Iqbal*, 556 U.S. at 663.

[30] *Ashcroft v. Iqbal*, 556 U.S. at 663-64.

[31] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

the face of the complaint.[32] In other words, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[33] Therefore, a complaint is subject to dismissal for failure to state a claim upon which relief can be granted if it is apparent from the face of the complaint that the applicable prescriptive period has expired.[34] However, even when a prescription defense is pleaded, a motion to dismiss remains subject to the traditional rule that the motion cannot be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[35] Furthermore, as noted above, the undersigned is aware that the plaintiffs are proceeding without the assistance of counsel and, for that reason, their pleadings will be liberally construed. However, even a liberally construed *pro se* complaint, must set forth facts giving rise to a claim on which relief may be granted.[36]

---

[32] *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n. 3 (5th Cir. 1997); *Bank of New Orleans and Trust Co. v. Monco Agency, Inc.*, 823 F.2d 888, 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 1062 (1988).

[33] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[34] *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973); *Cross v. Lucius*, 713 F.2d 153 (5th Cir. 1983).

[35] *Cross v. Lucius*, 713 F.2d at 156.

[36] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988).

The plaintiffs claim that Mouton failed to disclose information concerning their land. It would appear any such conduct by Mouton could not have occurred recently, because the plaintiffs allege that they requested information from Mouton at some unspecified point in the recent past but Mouton refused to discuss the matter with them. Thus, it may be assumed the plaintiffs are alleging that Mouton failed to disclose information concerning their property from them at the time of the sale, which the plaintiffs claim was forty-three years ago.

Louisiana's longest liberative prescriptive period is that for personal actions, which is ten years.[37] The plaintiffs are not seeking to annul the purchase agreement because of fraud, but even if they were, the applicable prescriptive period would be five years.[38] From the face of the complaint, it appears that the plaintiffs are perhaps alleging a Louisiana state-law fraud claim against Mouton. Such a claim has a one-year prescriptive period which begins to run from the day injury or damage is sustained.[39] Therefore, any claim that the plaintiffs might have had with regard to a fraudulent failure to disclose by Mouton at the time of the sale would appear to have prescribed long ago. However, the plaintiffs allege that the "evidence package" they

---

[37] Louisiana Civil Code Article 3499.

[38] Louisiana Civil Code Article 2032.

[39] Louisiana Civil Code Article 3492.

were given on July 23, 2012 lead to this lawsuit. While it is less than clear, the allegations can be construed to suggest the plaintiffs are claiming damage to their land, i.e. immovable property. When damage to immovable property is involved, prescription does not begin to run until the day the owner "acquired or should have acquired, knowledge of the damage.[40]  Therefore, construing the allegations as broadly as possible, one could conclude the plaintiffs were not aware of any injury or damage to their immovable property until July 23, 2012, and therefore, this suit filed on July 23, 2013 would be timely. Accordingly, the plaintiffs could prove a set of facts in support of their claim against Mouton that would entitle them to relief.

For this reason, the undersigned recommends that Mouton's Rule 12(b)(6) motion to dismiss be granted and that the plaintiff's claim against Mouton be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that the motion to dismiss (Rec. Doc. 6), pursuant to Fed.R.Civ.P. 12(b)(1) be GRANTED and that the plaintiffs' claims against defendant J. Alfred Mouton Realty be DISMISSED WITHOUT PREJUDICE.  In the event the district court finds subject matter jurisdiction exists, it is recommended the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be denied.

---

[40]    Louisiana Civil Code Article 3493.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 17th day of October 2013.

                                                PATRICK J. HANNA
                                              UNITED STATES MAGISTRATE JUDGE