UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY BERNARD, SR., ET AL. | CIVIL ACTION NO. 6:13-cv-02339 |
| VERSUS | JUDGE DOHERTY |
| LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT  AND  RECOMMENDATIONS

Currently pending is a motion filed by defendants Lafayette Consolidated Government, LCG Public Works, and LUS Utilities System (collectively "Lafayette") (Rec. Doc. 11), which seeks dismissal of the plaintiff's claims against them under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and alternatively seeks dismissal of those claims under Fed. R. Civ. P. 12(b)(6) both for failure to state a claim upon which relief may be granted and also on the basis that *res judicata* bars the plaintiffs' claims.  Lafayette also seeks, in the alternative, a more definite statement of the plaintiffs' claims under Fed. R. Civ. P. 12(e).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  (Rec. Doc. 14).  The deadline for filing an opposition to the motion elapsed without an opposition brief being filed.  Therefore, the motion is unopposed.  Having considered

the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the undersigned recommends that the motion be GRANTED IN PART and DENIED IN PART and that the plaintiffs' claims against Lafayette be dismissed without prejudice.

## BACKGROUND

The plaintiffs, who are not represented by legal counsel, sued the city government of Lafayette, Louisiana; the city's utilities system; the city's public works department; and J. Alfred Mouton Realty.  They allege that, on July 23, 2012, they were given an "evidence package" by counsel for the city, showing that the city's utilities department had knowledge of an illegal taking, use, and expropriation of their land.  They allege that they requested information from the defendant realty company, which allegedly was involved in the transaction by which they purchased the property forty-three years ago, but the realtor refused to meet with them.  They further allege that the realty company failed to disclose information concerning "deficiencies pertaining to the land."  They do not specify when this failure occurred.  They further allege that they had no knowledge of any systems being operated or connected to their land.  They allege that, in December 2012, they requested information from the city, but the city's utilities department "did not disclose information of any systems being operated on our land."  They allege that the defendants' actions "were false,

misleading allegations by concealment of what should have been disclosed." Although it is not explicit on the face of the complaint, it seems that the plaintiffs may be asserting claims for fraud and/or for invalid expropriation of their property. They "are seeking compensation for damages which decreased [the] property's value caused by major erosion, loss of marketability of commercial uses or future uses of the land" as well as for "loss of [the] property's infrastructure."

## ANALYSIS

Lafayette's alternative motions will be considered in turn. "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter. . . ."[1] Consistently, therefore, when a district court is faced with motions premised on both Rule 12(b)(1) and Rule 12(b)(6), as in this case, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[2] Sometimes, this "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[3] Other times, it pretermits the unnecessary consideration of issues unrelated to jurisdiction since, absent subject matter jurisdiction, a federal district court can take no action whatsoever. "Without jurisdiction the court cannot

---

[1]   *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 578 (1999).

[2]   *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]   *Ramming v. United States*, 281 F.3d at 161.

proceed at all in any cause."[4]  The jurisdictional motion will, therefore, be considered

first.

## I.  RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Lafayette first claims that this Court lacks subject-matter jurisdiction over this

action.

### A.  THE STANDARD FOR ANALYZING THIS MOTION

Fed. R. Civ. P. 12(b)(1) governs challenges to a court's subject-matter

jurisdiction.  "Under Rule 12(b)(1), a claim is properly dismissed for lack of

subject-matter jurisdiction when the court lacks the statutory or constitutional power

to adjudicate the claim."[5]  The party asserting federal-court jurisdiction bears the

burden of demonstrating that subject-matter jurisdiction exists.[6]

---

[4]      *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  See, also, e.g., *Williams v. Liberty Mutual Ins. Co.*, No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

[5]      *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (internal quotation marks omitted).

[6]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

There are two types of Rule 12(b)(1) challenges to subject-matter jurisdiction: facial attacks and factual attacks.[7] A "facial attack" challenges whether the plaintiff's complaint sufficiently alleges a basis for subject-matter jurisdiction; therefore, when such a challenge is raised, the court considers only the allegations in the complaint, which are taken as true for purposes of evaluating the motion.[8] A "factual attack" challenges the factual existence of subject-matter jurisdiction in fact; therefore, matters outside the pleadings, such as testimony and affidavits, may be considered.[9]

Here, Lafayette makes a facial challenge to the plaintiffs' complaint, arguing that the complaint "fails to set forth any federal statutory or constitutional basis for Plaintiffs' claims against [Lafayette]."[10]

### B.   THE COMPLAINT FAILS TO STATE A VALID JURISDICTIONAL BASIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[11] Accordingly, federal courts

---

[7]   *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[8]   *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

[9]   *Menchaca v. Chrysler Credit Corp.*, 613 F.2d at 511.

[10]   Rec. Doc. 11 at 4.

[11]   *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

have subject-matter jurisdiction only over civil actions presenting a federal question[12] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[13]  The party seeking to invoke federal-court jurisdiction has the burden of proving, at the outset of the litigation, that the federal court has authority to hear the case.[14]  Because the plaintiffs filed their lawsuit in this forum, they must bear that burden.

The plaintiffs did not allege, in their complaint, any basis for federal-court jurisdiction.  They did not allege that the parties to the suit are diverse in citizenship, they did not allege that the amount in controversy exceeds the statutory threshold, and they did not allege that their claims are based on a federal question.  The only statute cited in the complaint is the Louisiana Civil Code article pertaining to fraud, although there is a vague reference to the United States Constitution.

On the civil cover sheet filed along with their complaint (Rec. Doc. 1-1), the plaintiffs indicated that the basis of jurisdiction is federal question.  But they failed to identify a federal statute under which their claim allegedly arises, citing instead "LA Art. 1953 fraud" as the "U.S. Civil Statute under which you are filing."

---

[12]      28 U.S.C. § 1331.

[13]      28 U.S.C. § 1332.

[14]      *St. Paul Reinsurance v. Greenburg*, 134 F.3d at 1253.

Louisiana Civil Code Article 1953 is the Louisiana state statute that defines fraud. It is not a federal statute; consequently, a claim asserted under that statute does not provide a basis for federal-court jurisdiction.

The undersigned is aware that the plaintiffs are proceeding *pro se*.  Allegations from a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by lawyers, and a district court should treat a *pro se* plaintiff with appropriate leniency.[15]  In accordance with Fifth Circuit precedence, "[w]e give *pro se* briefs a liberal construction."[16]  However, even from a *pro se* plaintiff, "mere conclusory allegations on a critical issue are insufficient. . . ."[17]  Fed. R. Civ. P. 8 requires a complaint to contain, among other things, a short and plain statement of the grounds for the court's jurisdiction.  Here, the plaintiffs provided no such statement; consequently, they failed to comply with Rule 8.

It is apparent from the face of the complaint that the plaintiffs have not satisfied their burden of establishing that this Court has subject-matter jurisdiction over this

---

[15]     *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Husley v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

[16]     *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).  See, also, *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008); *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002).

[17]     *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989).  See, also, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

action. Accordingly, the undersigned recommends that Lafayette's motion to dismiss for lack of subject-matter jurisdiction should be granted, and this action should be dismissed without prejudice.

## II.     RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Alternatively, Lafayette claims that the plaintiffs' complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because have not stated a valid claim and because *res judicata* bars their claim. Although it would be appropriate to pretermit discussion of this motion since the undersigned has found subject-matter jurisdiction lacking, this motion will be analyzed out of an abundance of caution in the event the district court disagrees with the undersigned's jurisdictional finding.

### A.     THE STANDARD FOR ANALYZING THIS MOTION

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[18] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[19] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable

---

[18]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[19]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

to the plaintiff.[20]   However, conclusory allegations and unwarranted deductions of

fact are not accepted as true,[21] and courts "are not bound to accept as true a legal

conclusion couched as a factual allegation."[22]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face."[23]   The allegations must be

sufficient "to raise a right to relief above the speculative level,"[24] and "the pleading

must contain something more . . . than . . . a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action."[25]  "While a complaint . . . does not

need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic

---

[20]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[21]      *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[22]      *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[23]      *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[24]      *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[25]      *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

recitation of the elements of a cause of action will not do."[26]  If the plaintiff fails to

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to

plausible, [his] complaint must be dismissed."[27]

A claim meets the test for facial plausibility "when the plaintiff pleads the

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."[28]  "[D]etermining whether a

complaint states a plausible claim for relief . . . [is] a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense."[29]

Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter

(taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will

reveal relevant evidence of each element of a claim."[30]

## B.    THE COMPLAINT FAILS TO STATE A CLAIM

In support of its motion to dismiss for failure to state a claim, Lafayette argues

that the plaintiffs' claim against Lafayette is "so vague and ambiguous that Defendant

---

[26]     *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[27]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[28]     *Ashcroft v. Iqbal*, 556 U.S. at 663.

[29]     *Ashcroft v. Iqbal*, 556 U.S. at 663-64.

[30]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

cannot reasonably be required to frame a responsive pleading."[31]  As noted above, the undersigned is aware that the plaintiffs are proceeding without the assistance of counsel and, for that reason, their pleadings will be liberally construed.  However, even a liberally construed pro se complaint, must set forth facts giving rise to a claim on which relief may be granted.[32]

In this case, the complaint does not does not state what it is that Lafayette allegedly did to cause the alleged major erosion of the property, the loss of marketability of the property, or the loss of the property's infrastructure.  Similarly, there is no allegation concerning when the alleged action by Lafayette occurred. Although the complaint mentions the word fraud, there are insufficient allegations in the complaint to support a fraud claim against Lafayette.  Similarly, the word expropriation is used in the complaint, but there is no allegation that Lafayette improperly expropriated any part of the plaintiffs' property, only that Lafayette knew about an alleged "illegal taking, use[,] and expropriation of our land."  The complaint does not identify a duty that Lafayette might have had to disclose this alleged knowledge to the plaintiffs.

---

[31]    Rec. Doc. 11 at 6.

[32]    *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988).

The undersigned finds that the allegations set forth in the complaint are so vague and so lacking in factual underpinnings that the complaint fails to allow the undersigned to draw the reasonable inference that Lafayette is liable for the plaintiffs' claimed damages.  Ordinarily, the undersigned would recommend that the plaintiffs be afforded an opportunity to amend their complaint in order to remedy its deficiencies.  Rule 12(b)(6) dismissals of *pro se* complaints are generally disfavored, and "a court should grant a *pro se* party every reasonable opportunity to amend."[33] In this case, however, the undersigned also concluded that this Court lacks subject-matter jurisdiction over the plaintiffs' claims.  Therefore, it would be futile to permit an amendment of the complaint.

Accordingly, the undersigned finds that the complaint fails to state a claim against Lafayette that can be remedied by this Court, and the undersigned recommends that Lafayette's Rule 12(b)(6) motion to dismiss for failure to state a claim be granted and the plaintiffs' claim against Lafayette be dismissed without prejudice.

---

[33]     *Peña v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir. 1998).  See, also, *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

### C.    MOTION TO DISMISS ON THE BASIS OF *RES JUDICATA*

Lafayette also seeks dismissal of the claims asserted against it under Rule 12(b)(6) on the basis of *res judicata*.   Generally, however, *res judicata* is an affirmative defense that must, under Fed. R. Civ. P. 8(c), be pleaded in the answer rather than at the motion to dismiss stage of the litigation.[34]   There are two limited exceptions to this rule.

First, dismissal on the basis of *res judicata* is permitted in the interest of judicial economy where both actions were brought before the same court.[35]   That is not the case here.   Lafayette has demonstrated that the plaintiffs in this lawsuit brought a separate lawsuit in state court in Louisiana but it has not shown that a similar lawsuit was brought in this forum.   Therefore, the first exception does not apply.

Second, dismissal on the basis of *res judicata* is permitted when all of the relevant facts are set forth in the record and all of them are uncontroverted.[36]

---

[34]     *Mowbray v. Cameron County, Texas*, 274 F.3d 269, 281 (5th Cir. 2001); *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n. 1 (5th Cir. 2004) ("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.").

[35]     *Mowbray v. Cameron County, Texas*, 274 F.3d at 281; *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

[36]     *Mowbray v. Cameron County, Texas*, 274 F.3d at 281; *American Furniture Co. v. Internat'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981).

Alternatively stated, dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate if all of the necessary elements of that defense are apparent on the face of the pleadings.[37]   In that situation, the district court is permitted to take judicial notice of public records such as prior judgments.[38]

Lafayette submitted copies of state-court rulings and argues that the plaintiffs' claims against it are barred by *res judicata*.  But the undersigned cannot conclude, based on a comparison of the allegations made in the complaint in this case and the rulings in the state-court proceedings, that the same set of facts underlie both actions or that the factual assertions in the plaintiffs' complaint are uncontroverted.  The allegations against Lafayette in this case are too vague to permit a meaningful evaluation.

Therefore, to the extent that Lafayette seeks dismissal of the plaintiffs' claims against it on the basis of *res judicata*, the undersigned recommends that the motion be denied.

## III.   RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

Lafayette's final motion is for an order requiring the plaintiffs to amend their complaint in order to provide a more definite statement of their claims.  Although it

---

[37]      *Dean v. Miss. Bd. of Bar Admissions*, 394 Fed. App'x 172,175 (5th Cir. 2010).

[38]      *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008).

would be appropriate to pretermit discussion of this motion since the undersigned has found subject-matter jurisdiction lacking, this motion will be analyzed out of an abundance of caution in the event the district court disagrees with the undersigned's jurisdictional finding.

Fed. R. Civ. P. 12(e) provides in relevant part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. . . ."

Fed. R. Civ. P. 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. A complaint is inadequate under Rule 8(a) only if it either fails to provide notice of circumstances giving rise to the claim or fails to set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[39] If a complaint is ambiguous or fails to contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).[40] A complaint that contains only allegations that a wrong

---

[39]     *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

[40]     *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d at 164.

occurred and fails to plead the facts giving rise to the injury does not provide adequate notice.[41]  Rule 12(e) is not intended to be used as a vehicle for discovery or to frustrate Rule 8(a)(2)'s minimal pleading requirements by compelling a plaintiff to amend his complaint when it otherwise suffices to withstand a motion to dismiss.[42]

In this case, the plaintiffs' complaint is lacking in factual detail, as noted above.  However, the undersigned has also determined that this Court lacks subject-matter jurisdiction over this action.  Therefore, even though the undersigned would ordinarily be likely to recommend that the complaint be amended rather than dismissed, especially since it was filed by plaintiffs who are not represented by counsel, any such order would, in this case, be futile.  Accordingly, the undersigned recommends that Lafayette's motion for a more definite statement under Rule 12(e) should be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that the pending motion (Rec. Doc. 11), which was filed by defendants Lafayette Consolidated Government, LCG Public Works, and LUS Utilities System, be GRANTED IN PART and DENIED IN PART.  More particularly, it is recommended:

---

[41]     *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d at 164.

[42]     *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

(1)     that the Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction be GRANTED, or in the event the district court finds subject matter jurisdiction

(2)     that the alternative motion to dismiss for failure to state a claim under Rule 12(b)(6) be GRANTED,

(3)     that the alternative motions to dismiss under Rule 12(b)(6) on the basis of *res judicata* and for a more definite statement under Rule 12(e) be DENIED; and

(4)     that the plaintiffs' claims against defendants Lafayette Consolidated Government, LCG Public Works, and LUS Utilities System, be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 17th day of October 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE