UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TIMOTHY BERNARD, SR, ET AL. | CIVIL ACTION NO. 13-2339 |
| VERSUS | JUDGE DOHERTY |
| LAFAYETTE CONSOLIDATED GOVT, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court are two motions: (1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Dismiss For Failure to State a Claim [Doc. 6], filed by defendant J. Alfred Mouton Realty ("Mouton"); and (2) Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Dismiss For Failure to State a Claim, or in the Alternative, Motion for More Definite Statement under Rule 12(e) [Doc. 11], filed by defendants Public Works Department, Lafayette Consolidated Government and Lafayette Consolidated Government L U S ("Lafayette Consolidated Government"). The plaintiffs, appearing *pro se*, did not oppose the latter motion, but did oppose the former [Doc. 13].

In two separate Reports and Recommendation [Docs. 15 & 16], the magistrate judge found this Courts lacks subject matter jurisdiction over the vaguely-pled claims of the plaintiffs,[1] noting

---

[1] This Court agrees with the magistrate judge that the plaintiffs' complaint is vaguely-pled. The magistrate judge summarized the vague allegations of the plaintiffs in both Reports as follows:

> [Plaintiffs] allege that, on July 23, 2012, they were given an evidence package by counsel for the City of Lafayette, Louisiana, showing that the city's utilities department had knowledge of an illegal taking, use, and expropriation of their land. They allege that they requested information from the defendant realty company, which allegedly was involved in the transaction by which they purchased the property forty-three years ago, but the realtor refused to meet with them. They further allege that the realty company failed to disclose information concerning "deficiencies pertaining to the land." They do not specify when this failure occurred. They further allege that

the following in both Reports:

> The plaintiffs did not allege, in their complaint, any basis for federal-court jurisdiction. They did not allege that the parties to the suit are diverse in citizenship, they did not allege that the amount in controversy exceeds the statutory threshold, and they did not allege that their claims are based on a federal question. The only statute cited in the complaint is the Louisiana Civil Code article pertaining to fraud, although there is a vague reference to the United States Constitution.[2]

Accordingly, the magistrate judge recommends all of the plaintiffs' claims should be dismissed without prejudice for lack of subject matter jurisdiction. With respect to the motion to dismiss filed by J. Alfred Mouton Realty, the magistrate judge also recommends this Court deny Mouton's motion to dismiss for failure to state a claim on grounds the plaintiffs' claims are prescribed.[3] Finally, the magistrate judge recommends this Court dismiss the plaintiffs' claims against Lafayette Consolidated Government based upon Lafayette Consolidated Government's

---

> they had no knowledge of any systems being operated or connected to their land. They allege that, in December 2012, they requested information from the city, but the city's utilities department "did not disclose information of any systems being operated on our land." They allege that the defendants' actions "were false, misleading allegations by concealment of what should have been disclosed." Although it is not explicit on the face of the complaint, it seems that the plaintiffs may be asserting claims for fraud and/or for invalid expropriation of their property. They "are seeking compensation for damages which decreased [the] property's value caused by major erosion, loss of marketability of commercial uses or future uses of the land" as well as for "loss of [the] property's infrastructure."

Report and Recommendation, Doc. 15, p. 2.

[2] *See* Report and Recommendation, Doc. 15, at p. 6; Report and Recommendation, Doc. 16, at p. 6.

[3] Curiously, the magistrate judge states in his Report:

":.... Accordingly, the plaintiffs could prove a set of facts in support of their claim against Mouton that would entitle them to relief.

For this reason, the undersigned recommends that Mouton's Rule 12(b)(6) motion to dismiss be granted and that the plaintiff's claim against Mouton be denied."

*See* Report, Doc. 15, at p.13.

This Court has confirmed with the magistrate judge that the latter paragraph contains a typographical error, and that the magistrate judge did, indeed, intend to DENY Mouton's motion to dismiss on prescription grounds.

alternative basis for the motion – failure to state a claim – concluding the plaintiffs do not state a claim for fraud, economic damage to the property or otherwise, or expropriation of land.[4] Because the magistrate judge concluded the Court lacks subject matter jurisdiction, the magistrate judge declined to permit the plaintiffs to amend their complaint.

The plaintiffs object to the Reports, essentially arguing the same points they argued to the magistrate judge. This Court has carefully reviewed the Complaint filed by the plaintiffs, as well as their opposition brief to the motions to dismiss and their Objections to the magistrate judge's Reports. After reviewing the record in this matter, this Court agrees with the magistrate judge that the plaintiffs have not sufficiently alleged claims giving rise to federal jurisdiction. The magistrate judge acknowledges there is an allegation in the plaintiff's Complaint that defendants engaged in the "illegal taking, use and expropriation" of the plaintiffs' land. In his Reports, the magistrate judge refers to these allegations as a "vague reference to the United State Constitution." Consistent with the magistrate judge's findings, but not specifically stated in his Reports, is the fact that the plaintiffs do not allege the defendants in this matter, in fact, expropriated their property unlawfully. Rather, the plaintiffs allege "*LUS et al. **had full knowledge** of the illegal taking, use and expropriation of our land.*" The foregoing allegation does not allege that the defendants expropriated the plaintiffs' property, but rather, that *the defendants **knew** the property of the plaintiffs was being expropriated.* Thus, the plaintiffs' allegations clearly do not sufficiently allege a violation of the Fifth Amendment *on the part of the defendants in this lawsuit.*

As the magistrate judge notes, courts are under an obligation to liberally construe the allegations of *pro se* plaintiffs. It is well-settled that "[p]ro se complaints 'however inartfully

---

[4] With respect to Lafayette Consolidated Government, the magistrate judge also recommends this Court deny the defendants' motion to dismiss based upon *res judicata* and motion for more definite statement.

pleaded are held to less stringent standards than formal pleadings drafted by lawyers.'" *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 100 n.10 (5th Cir. 1994), *citing Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (internal quotations and citation omitted). Such complaints must be "liberally construed." *Id.* at 10, 101 S.Ct. at 176. Notwithstanding this general relaxing of the pleading standards for *pro se* plaintiffs, this Court concludes the magistrate judge is correct that the plaintiffs have not sufficiently alleged a basis for federal jurisdiction in this matter. The Court agrees with all other findings made by the magistrate judge and concludes the rulings made in the Reports and Recommendations should be AFFIRMED.

Considering the foregoing, the Reports and Recommendations of the magistrate judge [Docs. 6 & 11] are herein ADOPTED, with the foregoing clarification contained herein. Therefore, IT IS ORDERED that the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Dismiss For Failure to State a Claim [Doc. 6], filed by J. Alfred Mouton Realty ("Mouton") is GRANTED, and the plaintiff's claims against J. Alfred Mouton Realty are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. This Court notes and corrects the typographical error contained within the magistrate judge's Report [Doc. 15], wherein the magistrate judge states on page 13 his recommendation that the motion to dismiss be <u>granted</u> on 12(b)(6) grounds. As stated later in the Conclusion of the Report, the magistrate judge recommends <u>denial</u> of the Mouton's motion on 12(b)(6) grounds, and this Court agrees.

IT IS FURTHER ORDERED that the Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion to Dismiss For Failure to State a Claim, or in the Alternative, Motion for More Definite Statement under Rule 12(e) [Doc. 11] filed by Lafayette Consolidated Government is GRANTED IN PART AND DENIED IN PART, for the reasons stated

-5-

in the magistrate judge's Report [Doc. 16], and the claims of the plaintiffs against Lafayette Consolidated Government are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 16 day of December, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE